Instrument# F202504941 Page 1 of 6

FILED 8·1·25 BY Auelasquez
@     9    O'CLOCK  A      M
KRISTIN CHRISTMAS - DESHA COUNTY
CIRCUIT COURT CLERK
ARKANSAS CITY, ARKANSAS

## IN THE CIRCUIT COURT OF DESHA COUNTY, ARKANSAS

ARKANSAS SOUTHEAST TITLE, INC.                    **PLAINTIFF**

vs.                    CASE NO. CV·25·117

SCARLETT CITADEL LLC., SCARLETT O'BRIEN
and WELLS FARGO BANK, N.A.                    **DEFENDANTS**

### VERIFIED COMPLAINT

Arkansas Southeast Title, Inc., through undersigned counsel, states as follows for its Complaint against Scarlett Citadel LLC, Scarlett O'Brien and Wells Fargo Bank, N.A.:

### Introduction

1.    This is a Complaint for replevin pursuant to Ark. Code Ann. § 18-60-801 et seq., for imposition of a constructive trust pursuant to Arkansas common law and/or for temporary restraining order and injunction pursuant to Ark. R. Civ. P. 65. Plaintiff seeks protection and recovery of funds obtained through financial identity fraud.

### Parties

2.    Plaintiff is an Arkansas corporation providing title searches, title insurance and closing services to businesses, consumers and the public generally. Its principal office and place of business is in McGehee, Desha County, Arkansas, and was so at all times relevant to this Complaint.

3.    Upon information and belief, Defendant Scarlett O'Brien is an individual resident of Texas who is the principal and registered agent of Defendant Scarlett Citadel LLC, a Texas limited liability company (Scarlett Citadel), having an address of 16312 White Rock Boulevard, Prosper, Texas 75078.

1

4.      Defendant Wells Fargo Bank, N.A. (Wells Fargo) is a national financial services association or entity authorized and doing business in Arkansas. Its registered agent for service of process is Corporation Service Company, 300 Spring Building, 300 South Spring Street, Suite 900, Little Rock AR 72201.

### Jurisdiction and Venue

5.      A substantial part of the actions, events or omissions complained of herein occurred in Desha County, Arkansas. Accordingly, pursuant to Ark. Code Ann. § 16-60-101 (a)(1), (a)(3)(B) or other law, this Court is the proper venue for this action, and it may properly exercise both personal and subject matter jurisdiction.

### Facts Common to All Counts

6.      In July 2025, Plaintiff was providing closing and escrow services for a real estate transaction involving, among other parties, Timberland Services, LLC and Concordia Lane, LLC, as sellers, and Napoleon Point Hunting Club, LLC, as buyer.

7.      In its capacity as closing and escrow agent, Plaintiff came into possession of sale proceeds or funds, including at least the sum of $914,141.88 due to the foregoing sellers. Plaintiff possessed such funds in trust and held them in its account at First NaturalState Bank in McGehee, Arkansas.

8.      After all conditions for release of the sale proceeds were met, Plaintiff contacted Chad Still, the foregoing sellers' authorized agent, regarding payment or release of them, such contact occurring through Mr. Still's normal and customary email address.

9.      Unbeknownst to Plaintiff, Mr. Still's email address had been "hacked," or subjected to unauthorized use. Wiring instructions from the email address, purporting to be

2

from Mr. Still, directed Plaintiff to split the escrow or trust funds between two bank accounts not associated with Mr. Still or his entities. One of these accounts is with Wells Fargo and believed to be associated in some way with Defendants O'Brien and Scarlett Citadel.

10.      Per the fraudulent wiring instructions, Plaintiff directed transfer of funds totaling $433,281.18 from its account at First NaturalState Bank to Wells Fargo account number ******7890 in Minden, Louisiana. The transfer occurred through First National Bankers Bank, which provides operational services to First NaturalState Bank.

11.      Less than one hour after the transfer occurred, Plaintiff became aware of the misrepresentation, artifice or fraud. It immediately notified First Natural State Bank and requested investigation, return and/or hold of the transfer. Notice and request was in turn sent to Wells Fargo, again within the hour. The Federal Bureau of Investigation and other law enforcement agencies were also promptly notified.

12.      Not only did Wells Fargo refuse to cooperate or comply, it in fact permitted an attempt to further transfer the subject funds to a third party crypto account. The third party suspected the funds were fraudulent and either refused them or returned them to Wells Fargo, placing Wells Fargo on notice, or further notice, that the funds had been wrongfully or fraudulently obtained.

13.      Upon information and belief, law enforcement officials have been unable to prevail upon Wells Fargo to cooperate and return and/or hold the subject funds, and some funds have been released by Wells Fargo, despite the red flags and warnings attached to them.

14.      As a result of the foregoing financial misconduct, criminal in nature, and the

3

refusals to cooperate in the face of red flags and warnings, Plaintiff is exposed to irretrievable loss of funds held in trust; the risk of potential litigation by the sellers/beneficiaries of the funds; and ongoing, unquantifiable harm to its business interests, including loss of reputation and customers. These irreparable harms will continue and worsen without Court oversight.

15.     O'Brien and Scarlett Citadel are included as defendants herein because, upon information and belief, they are associated with either the account at Wells Fargo or the crypto account with the third party, where the funds were attempted to be transferred. They may claim an interest in the funds as such.

## Count I – Replevin

16.     Transfer of the escrow funds from Plaintiff's account to Wells Fargo was induced or obtained through impersonation of its customer or beneficiary and fraudulent misrepresentation that the Wells Fargo account belonged to Plaintiff's customer or beneficiary.

17.     Plaintiff was and is entitled to possession of the escrow funds transferred to Wells Fargo.

18.     Plaintiff is entitled to and hereby requests an order of delivery granting it immediate possession of the funds held in Wells Fargo account number ******7890, up to the amount of $433,281.18.

19.     Pursuant to Ark. Code Ann. § 18-60-808 (a), the clerk should issue a notice of petition for order of delivery, to be served with this Complaint and its accompanying Summons.

## Count II – Unjust Enrichment and Constructive Trust

4

20.    Defendants have been benefitted or enriched by Plaintiff, or they are holding funds Plaintiff is entitled to possess, without basis.

21.    To prevent Defendants' unjust enrichment, the Court should impose a constructive trust upon the funds held in Wells Fargo account number ******7890, up to the amount of $433,281.18.

### Count III – Temporary Restraining Order and Injunction

22.    Immediate and irreparable injury, loss or damage will result to Plaintiff if release or further release of funds from Wells Fargo account number ******7890, up to the amount of $433,281.18, is not forthwith enjoined.

23.    Specifically, Plaintiff is exposed to irretrievable loss of funds held in trust; the risk of potential litigation by the sellers/beneficiaries of the funds; and ongoing, unquantifiable harm to its business interests, including loss of reputation and customers.

24.    Accordingly, the Court should enter a temporary restraining order requiring Wells Fargo to immediately suspend or freeze any release of funds from account number ******7890, up to the amount of $433,281.18, until a hearing may be held and a further order or injunction entered.

WHEREFORE, Plaintiff Arkansas Southeast Title, Inc. prays that the Court award it relief as stated in the foregoing counts. Plaintiff further prays for any and all other just and proper relief, whether specifically prayed for herein or not.

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
870-938-6255

5

jtalbot@mwlaw.com

By:_____
John P. Talbot (Ark. Bar No. 97119)

*Attorneys for Arkansas Southeast Title, Inc.*

## VERIFICATION

STATE OF ARKANSAS
COUNTY OF DESHA

I, Pamela M. Blissett, hereby state on oath that I am President of Arkansas Southeast Title, Inc., that I have read the foregoing Complaint and that the statements contained therein are true, accurate and correct to the best of my knowledge, information and belief.

Arkansas Southeast Title, Inc.

By_____
Pamela M. Blissett, President

SUBSCRIBED AND SWORN to before me this 1st day of August, 2025.

_____
NOTARY PUBLIC

My commission expires:

8-31-2025

ZACHARY ALLEN TAYLOR
NOTARY PUBLIC-STATE OF ARKANSAS
DESHA COUNTY
My Commission Expires 08-31-2025
Commission # 12695549

6